1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    FERNANDO SANCHEZ, JR.,                    No.  2:24-cv-01430-EFB (HC)

12                    Petitioner,

13         v.                                   ORDER AND FINDINGS AND
                                                RECOMMENDATIONS
14    UNITED STATES OF AMERICA,

15                    Respondent.

16

17         Petitioner is a federal prisoner currently serving his sentence in a federal penitentiary in

18   Kentucky.  ECF No. 1.  He was convicted in the Southern District of Florida and filed the instant

19   28 U.S.C. § 2241 petition while incarcerated in the federal prison in Atwater, California.  ECF

20   No. 1.  For the reasons that follow, the court recommends that the case be dismissed.

21         **I.        Screening Requirements and Standards**

22         District courts may apply the Rules Governing Section 2254 Cases in the United States

23   District Courts to habeas corpus petitions brought under a different statute.  Rule 1(b), Rules

24   Governing § 2254 Cases in the District Courts (hereinafter "Habeas Rules").  Under Habeas Rule

25   4, the district court must review the petition and dismiss it if it plainly appears from the petition

26   that the petitioner is not entitled to relief in the district court.  The court has performed this review

27   and, for the reasons that follow, concludes that petitioner is not entitled to relief in this court.

28   ////

1

1    **II.    Analysis**

2        **a.  Governing Law**

3        In this action, petitioner claims that the district court erred in its application of the federal

4    sentencing guidelines.  ECF No. 2 at 7-8.  As discussed below, these claims may not be brought

5    in this court under 28 U.S.C. § 2241 but must instead be brought in the sentencing court under §

6    2255.

7        With one narrow exception, the exclusive vehicle by which a federal prisoner may

8    challenge the validity of his conviction or sentence is by filing a motion under § 2255 in the

9    sentencing court.  *Ivy v. Pontesso*, 328 F.3d 1057, 1059 (9th Cir. 2003); *Tripati v. Henman*, 843

10   F.2d 1160, 1162-63 (9th Cir. 1988).  Section 2241, on the other hand, provides a vehicle for

11   challenging the manner, location, or condition of the sentence's execution, and generally may not

12   be used to contest the validity of the conviction or sentence.  *Hernandez v. Campbell*, 204 F.3d

13   861, 865 (9th Cir. 2000).  The narrow exception to this rule, known as the "savings clause,"

14   allows a federal prisoner to seek relief under § 2241 to challenge his conviction or sentence if he

15   shows that the remedy available under § 2255 is "inadequate or ineffective to test the validity of

16   his detention."  28 U.S.C. § 2255(e); *Alaimalo v. United States*, 645 F.3d 1042, 1047 (9th Cir.

17   2011).

18       Section 2255 prohibits federal prisoners from filing a second or successive § 2255 motion

19   unless a panel of the appropriate court of appeals has certified that the successive motion is based

20   on either (1) newly discovered evidence that would undermine the conviction so much that "no

21   reasonable factfinder would have found the movant guilty of the offense" or (2) a new rule of

22   constitutional law that the U.S. Supreme Court has made retroactive to cases on collateral review.

23   28 U.S.C. § 2255(h).  Section 2241 may not be used to circumvent this procedural bar; relief

24   under § 2255 is not "inadequate or ineffective" simply because the motion is successive and the

25   sentencing court will therefore not review it.  *Alaimalo*, 645 F.3d at 1047; *Ivy*, 328 F.3d at 1059.

26   Rather, to challenge a conviction or sentence under § 2241 instead of § 2255, a petitioner must

27   show that he (1) raises a claim of actual innocence and (2) has not had an unobstructed procedural

28   shot at presenting that claim.  *Alaimalo*, 645 F.3d at 1047.

1    Petitioner challenges the validity of his sentence, and his claims are therefore

2    appropriately brought under 28 U.S.C. § 2255 in the sentencing court rather than the instant §

3    2241 petition, unless the case qualifies for the savings clause.

4    **b.  Petitioner Does Not Qualify for the Savings Clause**

5    Petitioner has not shown that he did not have an unobstructed procedural shot at

6    presenting the three claims contained in the instant petition.  To determine whether a petitioner

7    had an unobstructed procedural shot, the Ninth Circuit evaluates (1) whether the legal basis for

8    the claim did not arise until after the petitioner exhausted his direct appeal and first § 2255 motion

9    and (2) whether the law changed in any way relevant to the claim after the first § 2255 motion.

10    *Harrison v. Ollison*, 519 F.3d 952, 960 (9th Cir. 2008).  A review of the petition shows that the

11    legal basis for petitioner's claim arose at his sentencing, and petitioner has raised his claims in

12    multiple post-verdict motions in the district court and on appeal to the 11th Circuit.  ECF No. 2 at

13    15 ("I received an illegal status and unconstitutional sentence from the very beginning"); *United*

14    *States v. Sanchez*, 940 F.3d 526 (11th Cir. 2019) (petitioner's direct appeal, rejecting the

15    arguments raised by petitioner in this case); *United States v. Fernandez*, S.D. Fla. Case No. 1:17-

16    cr-20524-DMM, ECF No. 105 (order denying petitioner's third § 2255 motion because petitioner

17    had not received permission from the appellate court to file a successive motion).  Petitioner does

18    not present any intervening change in the law that would justify the instant § 2241 petition.  As

19    directed by the district court in addressing petitioner's successive § 2255 motions, petitioner must

20    obtain permission from the 11th Circuit to file a successive § 2255 motion if he wishes to pursue

21    the claims he raises in this petition.

22    Because petitioner has not shown that a motion under § 2255 is inadequate or ineffective

23    to present his claims, this court lacks jurisdiction to consider this petition under 28 U.S.C. § 2241.

24    Petitioner's claims must be brought in the sentencing court under the procedures provided by 28

25    U.S.C. § 2255.

26    **III.    Order and Recommendation**

27    Accordingly, it is hereby ORDERED that the Clerk of Court randomly assign a district

28    judge to this case.  It is further RECOMMENDED that the case be dismissed for lack of

1    jurisdiction.

2         These findings and recommendations are submitted to the United States District Judge

3    assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

4    after being served with these findings and recommendations, any party may file written

5    objections with the court and serve a copy on all parties.  Such a document should be captioned

6    "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

7    within the specified time may waive the right to appeal the District Court's order.  *Turner v.*

8    *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

9

10   Dated: May 12, 2025

11                                                EDMUND F. BRENNAN
                                                 UNITED STATES MAGISTRATE JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4